**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION**

**TIMOTHY C. GRAY, individually and by and
through Lolettha Gray as Conservator for the Estate
of Timothy C. Gray**                                                                      **PLAINTIFF**

**v.**                                                            **CIVIL ACTION NO. 2:11-CV-128-KS-MTP**

**BORDER EXPRESS SERVICES, LTD, et al.**                                          **DEFENDANTS**

### MEMORANDUM OPINION AND ORDER

For the reasons stated below, the Court **denies** Plaintiff's Motion to Remand [4] and Amended Motion to Remand [15].

### I. BACKGROUND

According to Plaintiff's Complaint, Plaintiff was a passenger in an automobile being operated by Defendant Dwight Gray. Their vehicle was involved in a collision with a tractor-trailer operated by Defendant Gerald D. Klassen and owned by Defendant Border Express Services, Ltd. ("Border Express").[1] Dwight Gray was killed, and Plaintiff was injured.

Plaintiff filed the present action in the Circuit Court of Covington County, Mississippi, naming Dwight Gray, the Estate of Dwight Gray ("the Estate"), Klassen, and Border Express as Defendants. Plaintiff alleges that Defendants' negligence caused his injuries, and he seeks monetary damages. Border Express removed the case to this Court, and Plaintiff filed Motions to Remand, which the Court now addresses.

---

[1] Plaintiff also named Radiant Logistics Global Services, Inc. as a Defendant, but its citizenship and involvement in the events leading to this case are not pertinent to the resolution of the present motion.

## II. DISCUSSION

"There should be little need for a reminder that federal courts are courts of limited jurisdiction, having only the authority endowed by the Constitution and that conferred by Congress." *Halmekangas v. State Farm Fire & Cas. Co.*, 603 F.3d 290, 292 (5th Cir. 2010). This Court has removal jurisdiction in any case where it has original jurisdiction. 28 U.S.C. § 1441(a). It has "original jurisdiction of all civil matters where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . [c]itizens of different States . . . ." 28 U.S.C. § 1332(a). Complete diversity must exist among the parties. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). "[A]ll persons on one side of the controversy [must] be citizens of different states than all persons on the other side." *Id.* Furthermore, a case may not be removed on the basis of diversity jurisdiction if a party "in interest properly joined and served as defendant[] is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). "The party seeking to invoke federal jurisdiction bears the burden of establishing . . . that the parties are diverse . . . ." *Garcia v. Koch Oil Co. of Tex. Inc.*, 351 F.3d 636, 639 (5th Cir. 2003). "Because removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (punctuation omitted).

In the present case, it is undisputed that the amount in controversy exceeds $75,000.00 exclusive of interest and costs. However, Plaintiff argues that the parties to this action are not completely diverse. Plaintiff is a resident of Mississippi. Dwight Gray was a citizen of Mississippi. Therefore, the Estate is a citizen of the state of Mississippi. *See* 28 U.S.C. § 1332(c)(2). Accordingly, on the face of the Complaint, the parties are not completely diverse.

### A. *Improper Joinder*

Defendants argue that Dwight Gray and the Estate were improperly joined to defeat diversity. In the Fifth Circuit, there are "two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court." *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004) (punctuation omitted). "The burden of persuasion on a party claiming improper joinder is a heavy one." *Kling Realty Co. v. Chevron United States, Inc.*, 575 F.3d 510, 514 (5th Cir. 2009). To establish improper joinder through the second prong of the analysis, a removing defendant must demonstrate "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the . . . court to predict that the plaintiff might be able to recover against an in-state defendant." *Id.*

The Court may resolve the issue in two ways. *Smallwood*, 385 F.3d at 573. First, the Court conducts a "Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* Then, in cases where the "plaintiff has stated a claim, but has misstated or omitted discrete facts that would determine the propriety of joinder," the Court "may, in its discretion, pierce the pleadings and conduct a summary inquiry." *Id.* To be clear, the Court must first conduct a 12(b)(6) analysis, and it may only pierce the pleadings if Plaintiff stated a valid claim for relief under state law. *Id.*; *see also Larroquette v. Cardinal Health 200, Inc.*, 466 F.3d 373, 376 (5th Cir. 2006); *McDonal v. Abbott Labs*, 408 F.3d 177, 183 n. 6 (5th Cir. 2005); *Anderson v. Ga. Gulf Lake Charles, LLC*, 342 F. App'x 911, 915-16 (5th Cir. 2009); *Smith v. Petsmart, Inc.*, 278 F. App'x 377, 379 (5th Cir. 2008); *Berry v. Hardwick*, 152 F. App'x 371, 374-75 (5th Cir. 2005).

Plaintiff's Complaint contains insufficient facts to state a valid claim for relief as to Dwight Gray. Indeed, Plaintiff failed to provide any factual allegations whatsoever in support of his claim as to Dwight Gray or the Estate. The Complaint merely provides: "The negligent conduct of Dwight Gray caused or contributed to the aforementioned collision, damage and loss." Of course, this is a textbook example of the sort of conclusory allegation or legal conclusion that the Court is not permitted to accept as true when conducting a 12(b)(6) analysis. *Great Lakes Dredge & Dock Co. LLC v. La. State*, 624 F.3d 201, 210 (5th Cir. 2010). Legal conclusions may provide "the complaint's framework, [but] they must be supported by factual allegations." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1940, 173 L. Ed. 2d 868 (2009). A plaintiff must provide more than "threadbare recitals of a cause of action's elements, supported by mere conclusory statements, which do not permit the court to infer more than the mere possibility of misconduct." *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010) (punctuation omitted). Therefore, as Plaintiff failed to state a valid claim for relief as to Defendants Dwight Gray and the Estate of Dwight Gray, the Court finds that they were improperly joined. The Court dismisses Plaintiff's claims as to Dwight Gray and the Estate of Dwight Gray without prejudice.

**B.     *Waiver***

Plaintiff initially argued that Defendants waived their right to remove this case by failing to do so within thirty days of their receipt of a copy of the Complaint. However, Plaintiff did not address this argument in his rebuttal, leading the Court to believe that he has abandoned it. Nonetheless, the Court shall briefly address it.

"The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting

4

forth the claim for relief upon which such action or proceeding is based . . . ." 28 U.S.C. § 1446(b). Plaintiff alleges that he provided Defendants with a copy of the Complaint at some point in 2010. Defendants deny this. Regardless, it is undisputed that Defendants have not yet been served with process. A "named defendant's time to remove" is not triggered "by mere receipt of the complaint unattended by any formal service." *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347, 119 S. Ct. 1322, 143 L. Ed. 2d 448 (1999); *see also Bd. of Regents of the Univ. of Tex. Sys. v. Nippon Tel. & Tel. Corp.*, 478 F.3d 274, 278 (5th Cir. 2007); *Badon v. R J R Nabisco, Inc.*, 224 F.3d 382, 390 (5th Cir. 2000). Therefore, Plaintiff's waiver argument is without merit.

### C.     *Mississippi Code Section 93-13-27*

Plaintiff initially argued that Defendants could not remove the case because Plaintiff's Complaint was void. Plaintiff asserted that his sister, Lolettha Gray, petitioned the Chancery Court of Covington County, Mississippi to be appointed his conservator on June 10, 2010. She then filed the present suit on his behalf on June 16, 2010, without having been appointed as conservator. Mississippi Code Section 93-13-27 provides:

> All suits . . . for or on behalf of a ward for whom a general guardian has been appointed shall be brought in the name of the general guardian for the use and benefit of such ward . . . . And all such actions . . . shall be commenced only after authority has been granted to such general guardian by proper order or decree of the court or chancellor of the county in this state in which the guardianship proceedings are pending . . . . A certified copy of said order authorizing such suit or proceedings shall be attached to the complaint or instrument or document originally filed as commencing such action . . . .

MISS. CODE ANN. § 93-13-27. Therefore, Plaintiff argues that the Complaint is void because Lolettha Gray failed to comply with the statutory requirements.

Plaintiff did not address this argument in his rebuttal. Therefore, he has apparently abandoned it. Nonetheless, the Court shall briefly address it. Plaintiff's Complaint plainly states that

it was brought by the Plaintiff both individually and "by and through" Lolettha Gray as his conservator. Therefore, the Complaint is not void. Even if Lolettha Gray does not have the authority to pursue this case on Plaintiff's behalf, the Complaint indicates that he is pursuing it on his own behalf.

### III. CONCLUSION

For the reasons stated above, the Court denies Plaintiff's Motion to Remand [4] and Amended Motion to Remand [15]. Accordingly, the stay on this case is lifted.

SO ORDERED AND ADJUDGED this 28th day of September 2011.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE